UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KELLI LORRAINE SCHROEDER,<br><br>              Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>              Defendant. | CASE NO. 15-cv-05195 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

    This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 4). This matter has been fully briefed (*see* Dkt. 10, 15, 16).

    After considering and reviewing the record, the Court concludes that the ALJ erred in failing to provide a specific and legitimate reason supported by substantial evidence for discounting the opinion of Dr. James Nakashima, M.D. Because the residual

ORDER ON PLAINTIFF'S COMPLAINT - 1

functional capacity ("RFC") may have included additional limitations, and because these additional limitations may have affected the ultimate disability determination, the error is not harmless.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, KELLI LORRAINE SCHROEDER, was born in 1961 and was 47 years old on the alleged date of disability onset of January 1, 2008 (*see* AR. 163-69, 170-80, 181). Plaintiff left school in the tenth grade, but has obtained her GED (AR. 35). She has work experience as a bartender, traffic controller, cashier and laborer (AR. 221-28). Plaintiff was the on-site manager in exchange for rent at the mobile home park where she and her husband were living at the time of the hearing (AR. 34, 221-28).

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc disease, osteoarthritis, fibromyalgia, affective disorder, and alcohol abuse (rule out dependence) (20 CFR 404.1520(c) and 416.920(c))" (AR. 13).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 64-73, 75-86, 88-96, 98-110). Plaintiff's requested hearing was held before Administrative Law Judge Rudy M. Murgo ("the ALJ") on July 9, 2013 (*see* AR. 30-62). On August 15, 2013, the ALJ issued a written decision in which

1 the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see*
2 AR. 7-29).
3       In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or
4 not the ALJ properly evaluated the medical evidence; and (2) Whether or not the ALJ
5 improperly rejected the plaintiff's testimony (*see* Dkt. 10, pp. 1-2). Because this Court
6 reverses and remands the case based on issue 1, the Court need not further review other
7 issues and expects the ALJ to reevaluate the record as a whole in light of the direction
8 provided below.

## STANDARD OF REVIEW

11       Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's
12 denial of social security benefits if the ALJ's findings are based on legal error or not
13 supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d
14 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.
15 1999)).

## DISCUSSION

17   (1)  **Whether or not the ALJ properly evaluated the medical evidence in the record.**

19       Plaintiff contends that the ALJ erred by failing to provide specific and legitimate
20 reasons supported by substantial evidence for discounting the opinion of treating
21 rheumatologist Dr. James Nakashima, M.D. (*see* Opening Brief, Dkt. 10, pp. 3-9). On
22 February 28, 2012, Dr. Nakashima completed a physical capacities evaluation in which
23 he opined that plaintiff was limited to sitting one hour at a time and four hours out of

eight; standing half an hour at a time and two hours out of eight; occasionally lifting ten pounds; occasionally carrying up to five pounds; no pushing or pulling with feet; no use of hands for repetitive activity; occasional bending and reaching; no squatting, climbing, or crawling; no exposure to dust, fumes, or gases; moderate exposure to heights; and mild exposure to machinery, motor vehicles, humidity, and temperature extremes (*see* AR. 356-57). Ultimately, Dr. Nakashima opined that plaintiff would likely miss more than four days of work per month due to her condition (*see* AR. 357).

"A treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." *Edlund v. Massanari*, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14 (9th Cir. 2001) (*citing* Social Security Ruling ("SSR") 96-2p, 1996 SSR LEXIS 9); *see also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). When the decision is unfavorable, it must "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the [] opinion and the reasons for that weight." SSR 96-2p, 1996 SSR LEXIS 9 at *11-*12. However, "'[t]he ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted.'" *Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*quoting Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

When evaluating the weight to be given to a treating doctor, if the ALJ does not give controlling weight to the treating source's opinion, the ALJ will "apply the factors listed in paragraphs [20 C.F.R. § 404.1527](c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs [20 C.F.R. § 404.1527](c)(3) through (c)(6) of this section in determining the weight to give the opinion." 20 C.F.R. § 404.1527(c)(2). Such factors include the length of the treatment relationship; the frequency of examination; the nature and extent of the treatment relationship; supportability of the opinion; consistency of the opinion; specialization of the doctor; and, other factors, such as "the amount of understanding of [the] disability programs and their evidentiary requirements." 20 C.F.R. § 404.1527(c).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes, supra*, 881 F.2d at 751).

In addition, the ALJ must explain why his own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey, supra*, 849 F.2d at 421-22). But, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

Here, the ALJ gave little weight to Dr. Nakashima's opinion because the limitations on hand use, lifting, standing, and sitting, and the opinion that plaintiff would miss more than four days of work per month, lacked support in the treatment records; the opinion was inconsistent with plaintiff's ability to perform various daily activities and work as a mobile home manager; and Dr. Nakashima provided an opinion despite plaintiff failing to follow up with the specialist he suggested (*see* AR. 20). None of these reasons is specific, legitimate, and supported by substantial evidence in the record.

First, lack of support in the treatment record is not a legitimate reason supported by substantial evidence for the ALJ to discount Dr. Nakashima's opinion. It is insufficient for an ALJ to reject the opinion of a treating physician by merely stating without more that there is a lack of objective medical findings in the record to support that opinion. *Embrey, supra*, 849 F.2d at 421-22. As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim.  The ALJ

> must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct….

*Id.* (internal footnote omitted).

Furthermore, the ALJ may not reject a diagnosis of fibromyalgia solely on the basis that it is not supported by objective medical evidence. *See Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (ALJ erred in discounting opinions of treating physicians by relying on his own disbelief of claimant's symptom testimony and misunderstanding of fibromyalgia). It is thus improper to "effectively" require "'objective' evidence for a disease that eludes such measurement." *Id.* (*citing Green-Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003)). Here, the ALJ did not reject the diagnosis of fibromyalgia but then rejected the limitations assessed by the physician treating plaintiff's fibromyalgia because of lack of objective support, showing a similar misunderstanding of the nature of the disease.

In claiming that the limitations opined by Dr. Nakashima lacked support, the ALJ only added that plaintiff works at a job she described as full-time, and that plaintiff received minimal treatment for hand impairments (*see* AR. 20). However, the physician's report that the ALJ cites as evidence that plaintiff described her work as full-time states only that plaintiff was "currently a property manager," with no further description (*see* AR. 334-38). In fact, plaintiff reported to the Social Security Administration that her work for the mobile home park only took an hour per day on average because she only needed to give prospective tenants keys to look at available trailers (*see* AR. 199). Her employer gave her free rent, valued at $500 a month, for this work (*see* AR. 191, 199).

Plaintiff further testified at the hearing that her work required limited activity – answering the phone and giving out keys and applications – that allowed her to lie down and stand and sit at will (*see* AR. 37-38). The record contains one physician's memory assessment in which that physician recorded that plaintiff "manages a mobile home park full-time and has been doing so for the past five years," but the consistency with which plaintiff's work is described elsewhere in the record and the amount earned for that work clearly support the inference that the work was not full-time. This inference is further supported by plaintiff's attempts to obtain full-time work elsewhere during the period of her employment with the mobile home park (*see* AR. 199-200). Substantial evidence does not support the ALJ's finding that plaintiff's work is full-time and is inconsistent with Dr. Nakashima's opinion that plaintiff would miss more than four days of work per month in full-time work.

Regarding plaintiff's hand use impairments, substantial evidence does not support the ALJ's finding that the opined limitations lack support because plaintiff received minimal treatment.  The record contains medical reports over years of treatment for wrist and hand issues, culminating in her treatment with Dr. Nakashima for pain from fibromyalgia, for which she had been unable to tolerate multiple medications (*see, e.g.,* AR. 281, 283, 293, 295, 354, 357). What further treatment the ALJ felt was lacking was not explained with any sufficient specificity. Therefore, these explanations, unsupported by substantial evidence, do not sufficiently set forth why the ALJ's interpretation of the objective evidence, rather than that of the treating physician, was correct.

Second, the ALJ's finding that Dr. Nakashima's opinion was inconsistent with plaintiff's daily activities and work is not sufficiently specific or supported by substantial evidence. An ALJ may reject a physician's opined limitations in part on the basis that other evidence of the claimant's ability to function, including reported activities of daily living, contradicts the opined limitations. *See Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999). However, here the ALJ did not list any specific activities that contradict Dr. Nakashima's opinion (*see* AR. 20). Even inferring from elsewhere in the ALJ's opinion that the allegedly inconsistent activities are that plaintiff is able to drive, shop, cook, do laundry, clean, care for pets, and maintain her hygiene (*see* AR. 18), none of these activities necessarily contradict all of the opined limitations that the ALJ failed to include in plaintiff's RFC, such as sitting no more than an hour at a time. Also, as discussed above, substantial evidence does not support the assertion that plaintiff's work as a mobile home park manager was inconsistent with Dr. Nakashima's opined limitations to full-time work. Therefore, the ALJ's general statement of inconsistency as a reason for discounting the opinion of the treating physician was not sufficient.

Finally, that Dr. Nakashima completed his assessment even though plaintiff did not follow up with the recommended specialist is not a legitimate reason for discounting his opinion regarding plaintiff's functional limitations in the workplace. The ALJ fails to explain why plaintiff failing to see the recommended specialist makes Dr. Nakashima's professional opinion any less reliable. Moreover, plaintiff testified at the hearing that she never heard back from that particular referral but went instead to another referred

ORDER ON PLAINTIFF'S COMPLAINT - 9

physician who found chronic pain among other diagnoses and discussed plaintiff's treatment options with her (*see* AR. 51-52, 397). Furthermore, defendant concedes that the ALJ did not reasonably rely on this factor (*see* Defendant's Brief, Dkt. 15, p. 13). Therefore, the ALJ provided no specific and legitimate reasons supported by substantial evidence for discounting the opinion of Dr. Nakashima.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (other citations omitted). Here, because the ALJ improperly discounted the opinion of Dr. Nakashima in assessing plaintiff's RFC and plaintiff was found to be capable of performing work based on that RFC, the error affected the ultimate disability determination and is not harmless.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen, supra*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke, supra*, 379 F.3d at 595 (citations omitted). Thus, it is "the unusual case in which it is clear from the record that

the claimant is unable to perform gainful employment in the national economy," and that "remand for an immediate award of benefits is appropriate." *Id.* Here, the outstanding issue is the conflicting evidence remaining in the record regarding plaintiff's functional capacity. Accordingly, remand for further consideration is warranted in this matter.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 15th day of October, 2015.

J. Richard Creatura
United States Magistrate Judge